N. P. BOSWELL, BY, ETC. *v.* JOHN Q. KERBY, ET AL.

**Liens.**

A judgment creditor can not, by the levy of his execution on land, acquire any preference over one who, before the execution was issued, had an equitable lien upon the land.

APPEAL FROM OHIO CIRCUIT COURT.

January 19, 1884.

OPINION BY JUDGE LEWIS:

The legal title to the land in controversy was originally in the appellee, Julia P. Kerby, who purchased and paid for it with means derived from her father's estate. But at the time the execution in favor of the appellant, Boswell, assignee of Cox, and against J. Q. Kerby, was levied upon it, the latter held a deed therefor executed by her and her husband, Thomas J. Kerby, but it had never been filed by him in the proper office for record. The consideration of the deed was a tract of land sold and exchanged to her by J. Q. Kerby. In the exchange the land in controversy was valued at $500 and the tract sold to her was valued at $1,275, she agreeing to pay in money $700, the difference between the two tracts. She did, as the proof shows, pay at least the sum of $138, and her son who agreed to pay for and hold the land sold by J. Q. Kerby jointly with her also paid several hundred dollars, which he has never recovered back, and is not claiming in this action, not being a party.

The judgment appealed from was for $138 in favor of Julia P. Kerby against J. Q. Kerby, and the land in controversy was directed

to be sold to satisfy it, the amount of the judgment being made up of the sum paid by her as above mentioned and the amount at which the land was valued. Before she and her son had fully paid the balance of the difference in the exchange of lands she had agreed to pay, one Weatherspoon, the vendor of J. Q. Kerby, enforced his lien for the purchase-price upon the land sold by J. Q. Kerby to her and it was sold to satisfy it. After the land was sold to satisfy Weatherspoon's lien there was a verbal agreement between appellee, Julia P. Kerby and J. Q. Kerby by which the land in controversy was to be given up to her, but it was not consummated before the levy of the execution in favor of Boswell.

This being an action in equity by Boswell to enforce the satisfaction of the judgment upon which the execution was issued and levied upon the land, but which could not be sold under it, the question is whether the plaintiff in the action or appellee, Julia P. Kerby, has priority. There is no controversy about the justice of her claim, nor is there any charge nor proof of fraud or collusion by either J. Q. Kerby or appellee. Having the control of the deed J. Q. Kerby had the right to cancel or restore it to appellee. The judgment upon which the execution was issued was rendered in 1863, and the verbal agreement between J. Q. Kerby and appellee, Julia P. Kerby, was made some time before the execution was issued.

We do not see how appellant by the levy of his execution acquired any preference over appellee, who before the execution was issued had an equitable lien upon the land for the payment of her debt against J. Q. Kirby, if not the right to rescind the contract and recover the land itself.

The judgment must be *affirmed*.

*McHenry & Hill, for appellant.*